IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LARRY WHITE** | : | **CIVIL ACTION** |
| *Plaintiff – pro se* | : | |
| | : | **NO. 16-1422** |
| v. | : | |
| | : | |
| **ATKORE CORPORATION a/k/a** | : | |
| **ATKORE INTERNATIONAL, INC. and** | : | |
| **ALLIED TUBE & CONDUIT** | : | |
| **CORPORATION** | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                 JUNE 4, 2018

# MEMORANDUM OPINION

**INTRODUCTION**

Before this Court is a motion for summary judgment filed by Defendants Allied Tube & Conduit Corporation ("Allied") and Atkore Corporation a/k/a Atkore International, Inc., ("Atkore") (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure ("Rule") 56, seeking the dismissal of the complaint filed against them by Plaintiff Larry White ("Plaintiff"). [ECF 23]. Plaintiff, proceeding *pro se*,[1] opposes the motion.[2] [ECF 25]. The issues presented in

---

[1] Initially, Plaintiff was represented by counsel. However, on January 31, 2017, Plaintiff's counsel filed a motion to withdraw from the case, [ECF 17], which was granted by Order dated February 14, 2017. [ECF 18]. The Order also stayed the matter for forty-five days to allow Plaintiff an opportunity to obtain new counsel. (*Id.*). By Order dated May 1, 2017, the stay was lifted and Plaintiff was advised that if he desired to proceed, he must be prepared to represent himself. [ECF 19].

[2] By Order dated May 25, 2017, this Court set a deadline of November 24, 2017, for responses to any dispositive motions filed in this action. [ECF 21]. On December 20, 2017, Plaintiff moved for leave to file an out-of-time response to the instant motion, on the grounds that he mistakenly believed the response in opposition to Defendants' motion for summary judgment was due ten days before the final pretrial conference in this matter. [ECF 24]. Defendants did not oppose Plaintiff's motion for leave, on the condition that Plaintiff appear and provide sworn deposition testimony on January 9, 2018. (*See* Dfts. Reply Brf. [ECF 31] at p. 1). Accordingly, this Court will honor the parties' agreement and consider Plaintiff's untimely response, despite it having been filed nearly a month after the court-imposed deadline for responses to dispositive motions.

the motion for summary judgment have been fully briefed by the parties,[3] and are ripe for disposition. For the reasons set forth, Defendants' motion for summary judgment is granted.

**BACKGROUND**

On February 26, 2016, Plaintiff filed a complaint against Defendants alleging a single negligence claim to recover damages for injuries sustained on February 20, 2015, at Defendants' place of business in Philadelphia, Pennsylvania. [ECF 1]. Discovery ensued and, on November 3, 2017, Defendants filed the instant motion for summary judgment. As required on a motion for summary judgment, the facts set forth in this Memorandum Opinion are presented in the light most favorable to Plaintiff, the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-56 (1986); *Todish v. Cigna Corp.*, 206 F.3d 303, 305 (3d Cir. 2000); *Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011). The relevant facts are summarized as follows:[4]

> On February 20, 2015, Plaintiff arrived at Allied's facility located at 11350 Norcom Road in Philadelphia, Pennsylvania (the "Premises"), to accept a load of conduit pipe (the "Cargo") on behalf of his employer, Howard Transportation. (*See* Def.'s Ex. A, Allied Security Incident Report [ECF 23-2], at 2). Upon arrival at the Premises, Plaintiff signed and acknowledged receiving a list of driver safety rules ("Allied Driver Safety Rules"), which, *inter*

---

[3] In ruling on Defendants' motion for summary judgment, this Court has also considered Defendants' reply brief. [ECF 31].

[4] These facts are drawn from Defendants' Statement of Material Facts and the documents cited therein. As noted herein, Plaintiff did not file a response to Defendants' Statement of Material Facts. Rather, he filed a response to Defendants' motion for summary judgment that contains no citations to the record to support his various factual assertions and only refers, without specific references, to Plaintiff's affidavit and several other documents attached to his response that are unauthenticated and/or contain inadmissible hearsay. Rule 56(c)(1) requires parties opposing a motion for summary judgment to cite to particular parts of materials in the record when arguing the existence of a genuine issue of material fact. *See* Fed. R. Civ. P. 56(c)(1)(A). Rule 56(e) provides that courts may, *inter alia*, "consider the fact undisputed for purposes of the motion" if a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)." Fed. R. Civ. P. 56(e). Accordingly, this Court will disregard the unsupported facts set forth in Plaintiff's summary judgment response, and will deem the facts set forth in Defendants' Statement of Material Facts undisputed for the purposes of ruling on the instant motion.

*alia*, recommended that Plaintiff lay his tarp on top of the load, maintaining a "three-point contact" at all times,[5] and throw any straps over the top of the load from the ground. (*See* Def. Ex. B, Allied Driver Safety Rules [ECF 23-3], at ¶¶ 10-11). Allied also made available to Plaintiff a tarping platform, owned by Atkore, to assist him in his task. (*Id.* at ¶ 12). The platform is on wheels, and can be moved by drivers to their flatbed trailers to allow the driver to secure their load without climbing on top of the cargo. (*See* Def. Ex. C, memorandum of opinions by consultant Scott L. Turner [ECF 23-4], at ¶¶ 1, 3).

Plaintiff failed to maneuver the tarping platform so that it was flush with his flatbed trailer. (Def. Ex. A at 1). He then chose to mount the Cargo in order to tarp and secure it to his trailer, in violation of the Allied Driver Safety Rules. (*Id.*) In the process of securing the tarp to the Cargo, Plaintiff fell into the gap between his trailer and the adjacent tarping platform, and sustained injuries to his left side. (*Id.*).

**LEGAL STANDARD**

Rule 56, which governs the summary judgment motion practice, provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Rule 56(c) provides that the movant bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record which the movant "believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden can be met by showing that the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case." *Id*. at 322.

---

[5] Three-point contact is defined as when a driver maintains both hands and one foot, or both feet and one hand, in contact with his or her trailer. (*See* Def. Ex. B. at ¶ 10).

3

After the moving party has met its initial burden, summary judgment is appropriate if the nonmoving party fails to rebut the moving party's claim by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" that show a genuine issue of material fact, or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(A-B). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party may not rely on bare assertions, conclusory allegations or suspicions, *Fireman's Ins. Co. of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982), nor rest on the allegations in the pleadings. *Celotex*, 477 U.S. at 324. Rather, the nonmoving party must "go beyond the pleadings" and either by affidavits, depositions, answers to interrogatories, or admissions on file, "designate 'specific facts showing that there is a genuine issue for trial.'" *Id*.

**DISCUSSION**

In the one-count complaint, Plaintiff asserts a negligence claim against Defendants. In their motion for summary judgment, Defendants argue that Plaintiff has failed to proffer admissible evidence to support at least two elements of a *prima facie* claim of negligence claim under Pennsylvania law—namely, that Defendants owed Plaintiff a legal duty and that Defendants breached said duty.[6] This Court agrees.

To prevail on a negligence claim under Pennsylvania law, a plaintiff must establish: (1) that the defendant had a duty or obligation to conform to a certain standard of conduct; (2) that

---

[6] The parties assumed that Pennsylvania law governs. Since the Court's jurisdiction is predicated on diversity of citizenship and the operative facts occurred in Pennsylvania, the substantive law of Pennsylvania applies. *See Chamberlain v. Giampapa,* 210 F.3d 154, 158 (3d Cir. 2000) (citing *Erie R.R. v. Tompkins,* 304 U.S. 64, 78 (1938)).

the defendant failed to conform to that duty, or breached that duty; (3) a causal connection between the breach and the resulting injury; and (4) that the plaintiff incurred actual loss or damage. *City of Phila. v. Beretta U.S.A. Corp,* 277 F.3d 415, 422 n.9 (3d Cir. 2002). Where a defendant moves for summary judgment on a negligence claim, the motion is properly granted when the defendant furnishes evidence which demonstrates that the plaintiff has not established the elements necessary to maintain a negligence claim. *See J.F. Feeser, Inc. v. Serv-A-Portion, Inc.,* 909 F.2d 1524, 1531 (3d Cir. 1990).

The existence of a duty owed by a defendant is the threshold question in a negligence action, and a claim for negligence will not survive a motion for summary judgment if the law does not impose an affirmative duty on defendant(s). *See Wright v. Fed. Machine Co., Inc.,* 535 F. Supp. 645, 650 (E.D. Pa. 1982) (noting that it is well-established that, under Pennsylvania law, "a negligence claim must fail if based on circumstances for which the law imposes no duty of care on the defendant"); *see also Holmes v. Kimco Realty Corp.,* 598 F.3d 115, 118 (3d Cir. 2010). "The determination of what duty, if any, a defendant owes to [a plaintiff] is a question of law" to be decided by the court. *Burton v. Terry,* 592 A.2d 1380, 1383 (Pa. 1991).

In premises liability cases, such as this case, the duty of care that a possessor of land owes to an entrant depends on the status of the entrant; "that is, whether the entrant is a trespasser, licensee, or invitee." *Cox v. Wal-Mart Stores East, L.P.,* 2008 WL 4072804, at *4 (E.D. Pa. Aug. 26, 2008) (citing *Guttridge v. AP Green Services, Inc.,* 804 A.2d 643, 655 (Pa. Super. Ct. 2002)). Here, it is undisputed that Plaintiff was a business invitee of Defendants at the time that he suffered the alleged injuries that form the basis of his negligence claim, *i.e.,* he was invited onto the Premises "for a purpose directly or indirectly connected with business dealings with the possessor of the land." Restatement (Second) of Torts § 332(3) (1965). It is well-settled

that a business invitee is "entitled to the highest duty of care," *Estate of Swift v. N.E. Hosp. of Pa.,* 690 A.2d 719, 722 (Pa. Super. Ct. 1997). However, that duty arises only if the possessor of land:

> (a) knows, or by the exercise of reasonable care, would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
> (b) should expect that such invitees will not discover or realize the danger, or will fail to protect themselves against it, and
>
> (c) fails to exercise reasonable care to protect such invitees against the danger.

Restatement (Second) of Torts § 343 (1965); *see also Estate of Swift v. N.E. Hosp. of Phila.,* 690 A.2d 719, 722 (Pa. Super. Ct. 1997). Accordingly, Plaintiff, as an invitee, "must prove either that the proprietor of the land had a hand in creating the harmful condition, or that he had actual or constructive notice of such condition." *Moultrey v. Great Atl. & Pacific Tea Co.,* 422 A.2d 593, 598 (Pa. Super. Ct. 1980).

Viewing the record as a whole, and in the light most favorable to Plaintiff, the non-moving party, it is clear that Plaintiff has not met his burden of proof under Rule 56. Plaintiff has failed to offer any admissible evidence, by affidavit or otherwise, that would establish necessary elements of his negligence claim, namely, that Defendants owed a legal duty of care to Plaintiff. Specifically, Plaintiff has offered no admissible evidence that (1) a hazardous condition existed on the Premises on the day in question and (2) that Defendants created, were aware of, or had constructive knowledge of the purportedly hazardous condition that led to his injuries on the Premises. Plaintiff's response to Defendants' motion for summary judgment consists of nothing more than a series of bald, unsupported assertions, including, *inter alia,* that he was denied access to Allied's indoor tarping bay; that he was forced to use an outdoor tarping area that was equipped with poor lighting, patchy ice, and high winds; and that when he

attempted to connect one of the tarping platforms to his truck, the platform's wheels became lodged in ice, creating the gap responsible for his alleged injuries. However, these assertions are neither supported by record evidence or citations to the record, as required by Rule 56(c). Thus, Plaintiff cannot rely on these assertions to defeat Defendants' motion for summary judgment. *See Betts v. New Castle Youth Dev. Ctr.,* 621 F.3d 249, 252 (3d Cir. 2010) ("Unsupported assertions, conclusory allegations, or mere suspicions are insufficient to overcome a motion for summary judgment."); *Jones v. United Parcel Serv.,* 214 F.3d 402, 407 (3d Cir. 2000) (noting that "[a]t summary judgment, a plaintiff cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial") (citing *Celotex Corp.,* 477 U.S. at 324).

In an attempt to substantiate these assertions, Plaintiff submits a number of documents, including, *inter alia*, climatological data for the Philadelphia International Airport on the date in question, certain medical records, and his own affidavit in which he avers only that he suffered injuries as a result of falling in the aforementioned gap. To the extent that any of these documents are admissible, they do not contain any information that, if credited, supports an inference that (1) a hazardous condition existed on the Premises at the time Plaintiff was injured and/or (2) Defendants had actual or constructive knowledge, or a hand in creating, the allegedly hazardous condition that led to Plaintiff's fall and resultant injuries. Because Plaintiff has failed to meet his burden under Rule 56 to identify specific evidence in the record from which this Court could infer that a hazardous condition existed on the Premises, or that Defendants had actual or constructive knowledge of a hazardous condition, Plaintiff has not substantiated the

first two necessary elements of his negligence claim on which he bears the burden of proof—*i.e.*, duty and breach.[7] Accordingly, Defendants' motion for summary judgment is granted.

**CONCLUSION**

This Court finds that Defendants have shown that summary judgment is appropriate as there are no genuine issues of material fact and Defendants are entitled to judgment as a matter of law. Therefore, for the reasons set forth, Defendants' motion for summary judgment is granted, and Plaintiff's complaint is dismissed. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.

---

[7] Because Plaintiff has failed to carry his burden with respect to at least two necessary elements of a negligence claim under Pennsylvania law, this Court need not consider the second argument raised in Defendants' motion for summary judgment, as the first argument proves to be dispositive. Nonetheless, for the sake of thoroughness, this Court will briefly address Defendants' remaining argument in support of their motion for summary judgment.

In both their motion for summary judgment and reply brief, Defendants argue that they owed no duty of care to Plaintiff because, under the Federal Motor Carrier Safety Regulations ("FMCSR"), Plaintiff was singularly responsible for securing the Cargo to his trailer once he accepted the Cargo from Defendants. While it is true that the FMCSR imposed a clear duty upon Plaintiff, a federal motor carrier, to safely secure his cargo to prevent shifting during transit, *see* 49 C.F.R. § 392.9(a)-(b), Defendants do not explain what effect the FMCSR has, if any, on Plaintiff's negligence claim. Even if the Court were to assume that Plaintiff negligently secured the Cargo at issue, and that his own negligence contributed to his injuries, these determinations would raise issues of material fact that would preclude summary judgment, *inter alia,* whether Plaintiff's own negligence was a proximate cause of his injuries and the apportionment of fault among the parties. *See Hensley v. Young,* 1991 WL 198567, at *3 (E.D. Pa. Sept. 30, 1991) (noting that Pennsylvania has a comparative fault statute that would require an apportionment of negligence in the event that plaintiff is contributorily negligent, and that the apportionment of fault under this rubric is a question best left to the jury). Notwithstanding, because this Court concluded *supra* that Plaintiff has not proffered any admissible evidence to support his negligence claim, as is his burden under Rule 56, Defendants are entitled to summary judgment on Plaintiff's negligence claim.